**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **JOHN BROCK,** | |
| *Petitioner,* | **Case No. 2:23-cv-04754-JDW** |
| v. | |
| **MICHAEL ZAKEN,** *et al.,* | |
| *Respondents.* | |

**<u>MEMORANDUM</u>**

John Brock objects to a Report and Recommendation that Magistrate Judge Carol

Sandra Moore Wells issued on June 30, 2025. I will adopt Judge Wells' R&R because, after

review, I conclude that it correctly identifies the issues that Mr. Brock's petition for habeas

corpus raises, it identifies the correct standard, and it applies the facts to the law correctly.

I address each of Mr. Brock's objections below.

## I.    LEGAL STANDARD

The federal habeas statute, 28 U.S.C. § 2254, limits a district court's review of any

claim that was adjudicated on the merits in state court to whether the state court's

adjudication resulted in a decision contrary to, or was the product of an unreasonable

application of, clearly established federal law, or resulted in a decision based on an

unreasonable determination of the facts in light of the evidence presented in the state

court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). When reviewing a Magistrate Judge's

Report and Recommendation, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

## II.    ANALYSIS

Mr. Brock did not object to Judge Wells' recommendation to dismiss the following claims: (1) a claim of ineffective assistance of trial counsel for failing to request a *Kloiber* jury instruction; and (2) a claim that his Sixth Amendment Confrontation Clause rights were violated for lacking a full and fair opportunity to cross-examine Ms. Copper at his preliminary hearing.[1] I will only examine *de novo* the claims to which Mr. Brock filed objections: (1) a claim that the proceedings violated Mr. Brock's Sixth Amendment right to a speedy trial; and (2) a claim of ineffective assistance of counsel for failing to assert a Sixth Amendment speedy trial claim.[2]

---

[1] In his petition for habeas relief, Mr. Brock identified this claim as a due process claim. (*See* ECF No. 2 at 13-14.) However, Judge Wells identifies this claim as a Confrontation Clause claim. (*See* ECF No. 34 at 15.) I agree with Judge Wells' understanding of the claim. As such, I will treat the claim as a Confrontation Clause Claim.

[2] "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In objecting to Judge Wells' R&R, Mr. Brock argued that his direct appellate counsel erred in waiving his Sixth Amendment speedy trial claim. (*See* ECF No. 46 at 3.) But Mr. Brock's challenge mistakes who waived his speedy trial claim. His trial counsel failed to raise his speedy trial claim and thus waived it before his direct appellate counsel was even assigned to the case. But given that Mr. Brock is a *pro se* plaintiff, I will liberally construe his objection to Judge Wells' R&R to be arguing that his trial counsel, as opposed to his direct appellate counsel, provided ineffective assistance by not raising a Sixth Amendment speedy trial claim at the time his trial counsel raised a Rule 600 speedy trial claim.

### A.    Sixth Amendment Speedy Trial And Ineffective Assistance Of Counsel

Mr. Brock's speedy trial claim is procedurally defaulted. "[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Yet, "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Id.* at 10. The only cause that Mr. Brock asserts to excuse the procedural default in this case is that he had constitutionally ineffective counsel. *See Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991). Thus, to overcome his procedural default and win on his Sixth Amendment right to speedy trial claim, Mr. Brock must demonstrate that his trial counsel was constitutionally ineffective for failing to raise a Sixth Amendment speedy trial claim under the two-pronged test established in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). Mr. Brock fails to do so.

In reviewing claims for ineffective assistance of counsel, a petitioner must show both deficient performance and that the deficient performance prejudiced his defense. *Id.* Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Id.* at 694. "[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim." *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 379 (3d Cir. 2018) (quotation omitted).

Mr. Brock alleges that his trial counsel's performance was deficient because counsel could have raised a Sixth Amendment speedy trial claim at the same time as a Pa. R. Crim. P. 600(G) claim, and a reasonable probability exists that the trial court would have granted that motion and dismissed the charges against him. The PCRA Court, along with the Superior Court, determined that a constitutional speedy trial right, if raised at the same time as his Rule 600 motion, would have been meritless according to the federal standard of review for Sixth Amendment speedy trial claims articulated in *Barker v. Wingo*. 407 U.S. 514, 530 (1972), which asks courts deciding whether a petitioner's Sixth Amendment right to speedy trial has been violated to consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. The PCRA Court reasoned – and the Superior Court agreed – that Mr. Brock "did not act to assert his right prior to absconding from the jurisdiction and was responsible for the lengthy period of delay between his flight and trial." *Commonwealth v. Brock*, No. 26 EDA 2022, 2023 WL 3221008 at *4 (Pa. Super. Ct. 2023) (quotation omitted). The PCRA Court also noted – and the Superior Court again agreed – that Mr. Brock's assertion of his Rule 600 right to speedy trial "was undermined by [Mr. Brock] requesting a further continuance while the motion was pending." *Id*. Considering these facts, both courts agreed that had Mr. Brock asserted a constitutional speedy trial claim at the time he raised his Rule 600 claim, his speedy trial claim would have failed.

4

All of this constitutes a reasonable application of federal law. Both courts applied the *Barker* standard and determined – reasonably, given the facts – that any delay did not violate Mr. Brock's Sixth Amendment right to a speedy trial. The delay in Mr. Brock's trial was a result of his own flight, not some delay on the Commonwealth's part. Therefore, as a matter of federal law, his counsel could not have been ineffective by failing to argue to the contrary.

The same goes for the state courts' analysis of Mr. Brock's speedy trial and ineffective assistance claims related to the delay following the Pennsylvania Supreme Court's remand of his case. Even though there more than three years elapsed between the Supreme Court's remand and Mr. Brock's trial, both the PCRA Court and the Superior Court agreed that Mr. Brock's pattern of behavior – including failing to appear for trial dates and requesting to postpone trial and hearing dates – caused several delays, thus rendering any ineffective assistance or speedy trial claim meritless. *Id* at *5. I agree and concur in the reasoning of those courts. The state courts reasonably applied federal law to conclude that a Sixth Amendment speedy trial claim related to the delay following the Supreme Court's remand would have failed as well.

**B.    *Kloiber* Instruction And Confrontation Clause**

Mr. Brock does not object to Judge Wells' finding that I am bound to accept the Pennsylvania Superior Court's determination that a *Kloiber* jury instruction was not warranted. (*See* ECF No. 34 at 14 (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).) Mr.

Brock also does not object to Judge Wells' determination that the state court reasonably rejected Mr. Brock's claim that his Sixth Amendment Confrontation Clause rights were violated. (*See* ECF No. 34 at 15–17.) Nor do I see any issues with Judge Wells' conclusions on these claims. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Thus, I approve and adopt Judge Wells' R&R regarding both these claims for the reasons she stated.

## III.    CONCLUSION

Mr. Brock has not shown that the Pennsylvania court's adjudication resulted in a decision contrary to, or was the product of an unreasonable application of, clearly established federal law, or that it resulted in a decision based on unreasonable factual determinations in light of the evidence presented in the state court proceedings. I will therefore adopt Judge Wells' R&R and overrule Mr. Brock's objections. I will also not enter a Certificate of Appealability because I conclude that reasonable jurists. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 10, 2026